**Case No. 18-cv-61195-BLOOM/Valle**

LAZARALY GUZMAN and LARRY ROSADO,

      Plaintiffs,

vs.

AMERICAN SECURITY INSURANCE COMPANY,
A Foreign Profit Corporation,

      Defendant.

_____/

## ORDER

**THIS CAUSE** is before the Court on the Plaintiffs' Motion to Confirm the September 5, 2018 Appraisal Award as Binding and Entry of Judgment ("Motion"), ECF No. [17]. The Court has reviewed the Motion, the Defendant's Response, the Plaintiffs' Reply, the record and applicable law, and is otherwise fully advised.

## I.     BACKGROUND

Plaintiffs Lazaraly Guzman and Larry Rosado ("Plaintiffs") are insureds under a dwelling insurance policy issued by the Defendant American Security Insurance Company ("Defendant"). Plaintiffs' claim stems from wind and water damage to their property resulting from Hurricane Irma. The parties disputed the amount of the claim yet agreed that the subject policy was in full force and effect at the time of the loss. The Plaintiffs originally filed their lawsuit in the Circuit Court of the Seventeenth Judicial Circuit and it was then removed to federal court by the Defendant. *See* ECF No. [1]. The Parties thereafter agreed that the litigation should be stayed pending the completion of an appraisal process outlined in the policy. *See* ECF No. [4]. The Court

thereafter stayed the case until an appraisal award issued. *See* ECF No. [7]. This present controversy centers on two conflicting appraisal awards.

After Appraiser Emery Kunzman ("Appraiser Kunzman") and Appraiser Scott Thomas ("Appraiser Thomas") (collectively referred to as the "Parties' Appraisers") could not agree on a neutral umpire, the Court appointed Lawrence Leiby ("Umpire Leiby") to serve in this capacity. *See* ECF No. [9]. The Parties' Appraisers performed their respective inspections of the property but were unable to come to an agreement on the amount of loss. The Parties' Appraisers then met with Umpire Leiby and provided their respective positions and estimates.

The Parties' Appraisers and Umpire Leiby inspected the premises together on August 31, 2018. Thereafter, the following relevant exchanges took place via e-mail:

**September 5, 2018:**

> At 1:54 p.m.: Umpire Leiby circulated an Appraisal Award (the "Disputed Award") in the amount of $121,800.30 that included his electronic signature. The email stated, "See attached for review and comment. If one or both of you find this agreeable, please sign, scan, and return to me. I will then get out the originals." *See* ECF No. [17-2], at 1.

> At 2:27 p.m.: Appraiser Kunzman expressed his objection to the Disputed Award, asked for a breakdown and itemization of the award amount and a copy of Appraiser Thomas' estimate. *See* ECF No. [17-3], at 1.

> At 2:35 p.m.: Appraiser Thomas emailed Umpire Leiby and Appraiser Kunzman a signed copy of the Disputed Award that Umpire Leiby had circulated at 1:54 p.m. stating "Please see the attached award signed by me." *See* ECF No. [17-2], at 2.

> At 3:59 p.m.: Umpire Leiby responded to Appraiser Kunzman's 2:27 p.m. email, requesting Appraiser Thomas forward him the missing documents and indicating that he would "hold off on the final until [Appraiser Kunzman] gets that." *See* ECF No. [17-4], at 8-9.

**September 6, 2018:**

> At 9:37 a.m.: Umpire Leiby advised Appraiser Kunzman to provide any input based upon Appraiser Scott's estimate within five days. Umpire Leiby then indicated that the "the award [was] not yet final." *See* ECF No. [17-4], at 6.

**September 17, 2018:**

> At 12:10 p.m.: Umpire Leiby sent the Party Appraisers a revised appraisal award ("Revised Award") in the amount of $90,704.27. *See* ECF [17-5], at 2.

> At 12:59 p.m.: Appraiser Kunzman executed the Revised Award and returned it to Umpire Leiby. *Id.* at 1-2.

The Defendant thereafter paid the Plaintiffs $90,704.27, the amount of the Revised Award. *See* Resp., ECF No. [19], at 5. In their Motion, the Plaintiffs now ask the Court to confirm the September 5, 2018 Disputed Award in the amount of $121,800.30, executed by Umpire Leiby and the Insured's Appraiser, Scott Thomas, as the binding appraisal award against the Defendant. ECF No. [17]. The Defendant responds that Plaintiffs' Motion should be denied because the first award was preliminary. ECF No. [19], at 7. Alternatively, should the Court find the award was final, Defendant argues that the award was timely modified by Umpire Leiby. *Id.* at 7-8.

## II.    LEGAL STANDARD

Courts regularly confirm appraisal awards on the basis of the Florida Arbitration Code's confirmation process even though they have recognized differences between the appraisal and arbitration provisions. *Pelican Pointe of Sebastian II Condominium Association, Inc. v. Empire Indemnity Insurance Company,* 2007 WL 9702449 (S.D. Fla. 2007); *Three Palms Pointe, Inc. v. State Farm Fire & Cas. Co.,* 250 F. Supp. 2d 1357,1362 (M.D. Fla. 2003). Florida Statutes, § 682.12 (2001), which governs the confirmation of arbitration awards, states that courts "shall confirm an award" upon application of a party to the arbitration, unless an insurer moves to vacate, modify or clarify an award pursuant to § 682.13. Section 682.13 allows the Court to vacate an award upon certain conditions not applicable to the case at bar. Section 682.10 permits an arbitrator to change an award upon certain specified conditions. Section 682.10 states as follows:

> (1) On motion to an arbitrator by a party to an arbitration proceeding, the arbitrator may modify or correct an award:

(a) Upon a ground stated in s. 682.14(1)(a) or (c);

(b) Because the arbitrator has not made a final and definite award upon a claim submitted by the parties to the arbitration proceeding; or

(c) To clarify the award.

(2) A motion under subsection (1) must be made and notice given to all parties within 20 days after the movant receives notice of the award.

(3) A party to the arbitration proceeding must give notice of any objection to the motion within 10 days after receipt of the notice.

(4) If a motion to the court is pending under s. 682.12, s. 682.13, or s. 682.14, the court may submit the claim to the arbitrator to consider whether to modify or correct the award:

(a) Upon a ground stated in s. 682.14(1)(a) or (c);

(b) Because the arbitrator has not made a final and definite award upon a claim submitted by the parties to the arbitration proceeding; or

(c) To clarify the award.

(5) An award modified or corrected pursuant to this section is subject to ss. 682.09(1), 682.12, 682.13, and 682.14.

Interpretation of an insurance contract is a question of law to be decided by the Court. *Gulf Tampa Drydock Co. v. Great Atlantic Ins. Co.*, 757 F.2d 1172, 1174 (11th Cir. 1985). Because this case is before the Court pursuant to diversity jurisdiction, the Court applies the law of the forum state, Florida. *Grupo Televisa, S.A. v. Telemundo Commc'ns Group, Inc.,* 485 F.3d 1233, 1240 (11th Cir. 2007). Under Florida Supreme Court's precedent, where a party to an insurance contract has invoked the policy's appraisal provision, the appraisal proceeding should be conducted in accordance with the policy provisions and not pursuant to Florida's Arbitration Code. *See Allstate Ins. Co. v. Suarez,* 833 So. 2d 762, 765 (Fla. 2002) ("Once a trial court has determined that the appraisal provisions of a contract of insurance have been properly invoked, further proceedings should be conducted in accord with those provisions.")

## III. DISCUSSION

The parties do not dispute that the subject policy provides coverage for the loss. Rather, the parties ask the Court to interpret the operative effect of the policy's appraisal provisions. At issue is the operative and unambiguous appraisal provision that states in relevant part:

> The appraisers will state separately the value of the residential property and the amount of loss. If they fail to agree, they will submit their difference to the umpire. *A decision agreed to by any two will be binding*.

ECF No. [4-1], at 2 (emphasis in original); *see also* Section 8, ECF No. [17-1], at 12.

Plaintiffs claim that the binding award was the Disputed Award. ECF No. [17], at 6. The Defendant, however, claims that the Disputed Award was not final, and that Umpire Leiby was able to modify or correct the Disputed Award at any time within 20 days of its issuance. ECF No. [19], at 7-8.

Under Florida Supreme Court precedent, where a party to an insurance contract has invoked the policy's appraisal provision, the appraisal proceeding should be conducted in accordance with the policy provisions and not pursuant to Florida's Arbitration Code. *See Allstate Ins. Co. v. Suarez,* 833 So. 2d 762, 765 (Fla. 2002) ("Once a trial court has determined that the appraisal provisions of a contract of insurance have been properly invoked, further proceedings should be conducted in accord with those provisions."). An appraisal provision in an insurance contract is subject to contract law and, when the terms are not ambiguous, the contract must be given effect as written. *Id.* Nonetheless, Florida courts apply the procedures provided by the Arbitration Code to the *confirmation* process of an appraisal award. *See Three Palms Pointe, Inc. v. State Farm Fire & Cas.* Co., 250 F. Supp. 2d 1357, 1361-62 (M.D. Fla. 2003) (emphasis supplied).

Florida Statute § 682.10 provides that upon motion an arbitrator may modify or correct an award where "the arbitrator has not made a final and definite award upon a claim submitted by the parties to the arbitration proceeding" or to "clarify the award." Fla. Stat. § 682.10. "An [umpire] may modify, correct, or clarify an award on application made within twenty days after its delivery." *Coral-Tech Assocs. v. Plumbing Contrs., Inc.,* 916 So. 2d 958, 961 (Fla. 4th DCA 2005). The Plaintiffs do not contest the applicability of this statute to the confirmation process but argue instead that none of the requirements of the statute were met prior to the issuance of the Revised Award. ECF No. [20], at 3-4. The Court agrees.

The Court finds that Umpire Leiby lacked the authority to unilaterally modify the award. The express terms of Defendant's policy states that a "decision agreed by any two will be binding." ECF No. [4-1], at 2. Here, the record evidence supports the conclusion that the Disputed Award was indeed final and that there was "a decision agreed to by any two." Nothing within the four corners of the award reflects that Umpire Leiby believed it to be preliminary in nature. When Umpire Leiby transmitted the Disputed Award in his September 5, 2018, email, he expressly stated "[i]f one or both of you find this agreeable, please sign, scan, and return to me. I will then get out originals." ECF No. [17-2], at 1. The award transmitted at the time of that e-mail bore Umpire Leiby's electronic signature. *Id.* at 4. Upon receipt of the award, Appraiser Thomas agreed, signed and returned the award to Umpire Leiby, copying all parties to his e-mail correspondence. *Id.* at 2. Tellingly, the Disputed Award states that

> [w]e, the undersigned appraisers and umpire, have investigated the claimed loss, visited the premises together on August 31, 2018, considered all the material facts and available information pertaining to this claim, and have decided on an Appraisal Award as described below.

*See* ECF No. [17-3]. Once the Disputed Award was forwarded and thereafter signed by Appraiser Thomas, it became binding by the express and unambiguous terms of the insurance policy.

Accordingly, the Court finds that Appraiser Thomas complied with the requirements set forth by the Policy's provisions and, once signed and forwarded, the award was binding. No motion was made by a party to correct or clarify the award and there was no basis to modify the award.

The Defendant relies on *A.L. Gary and Associates, Inc. v. Travelers Indemnity Company of Connecticut*, 2008 WL 11333729 (S.D. Fla. 2008), to support the argument that where an award has been entered, the umpire may modify, correct or clarify an award on application made within 20 days after its delivery. *See* Resp., ECF No. [19], at *6. However, in *A.L. Gary and Associates, Inc. v. Travelers Indemnity Company of Connecticut*, the Court vacated an appraisal award finding that there was no legal basis for the umpire to revisit the award absent a timely motion for modification or clarification. *Id.* at *8. Such is the case here. In the present case, Umpire Leiby lacked authority to unilaterally modify the Disputed Award, which became final upon Appraiser Thomas' signature.

Moreover, the Defendant's reliance on *J.P.F.D. Investment Corporation v. United Specialty Insurance Company*, 322 F. Supp. 3d 1263 (M.D. Fla. 2018), is equally unavailing. In that case, the Court did not reach the argument related to confirming an appraisal award since it found that the defendant did not deny plaintiff benefits under the applicable policy. 322 F. Supp. 3d 1263, at 1267.

Here, once final, the Umpire lacked the authority to modify the award. The Eleventh Circuit Court of Appeal's decision in *International Brotherhood of Electrical Workers v. Verizon Florida*, 803 F. 3d 1241 (11th Cir. 2015), supports the conclusion that the umpire exceeded his power by issuing a substituted award. "[O]nce an arbitrator has issued a final award and thus discharged his or her office, the arbitrator lacks any continuing power to revise the award or issue a new one." *Id.* at 1245.

Section 682.10(b) permits a change of award where the arbitrator has not made a final and definite award upon a motion submitted by the parties to the arbitration proceeding. No such motion was submitted by the parties here. Nor does the record support any request for clarification or basis for correction. The Defendant claims that Umpire Leiby circulated a preliminary award that was explicitly for "review and comment," but the record does not support this conclusion. Contrary to Defendant's assertion, in the September 5, 2018 e-mail, Umpire Leiby did not communicate that the award was intended to be non-final. Rather, the email explicitly stated that "[i]f one or both of you find this agreeable, please sign, scan, and return to me. I will then get out the originals." ECF No. [17-2], at 3. Further, Umpire Leiby's electronic signature was sufficient to constitute the umpire's approval, and the Defendant does not cite to any law suggesting otherwise. Once the signed award was returned, the award became final and binding.

The record reflects that Defendant's umpire, Emery Kunzman, expressed his objections to the Disputed Award via electronic correspondence on September 5, 2018 at 2:27 p.m. In that correspondence, Kunzman stated that he never received a physical copy of Umpire Thomas' estimate of damages detailing his amount for the loss, and that the Disputed Award was not sent with a breakdown as to the itemization of the award. ECF No. [17-3], at 1. The Court notes, however that to date, no request for modification or correction has been made by either party. Moreover, Umpire Leiby's initial e-mail did not express that the Disputed Award was non-final or preliminary. It was only after the award was returned signed by Appraiser Thomas that Umpire Leiby claimed his award was "not final." *See* ECF No. [17-4], at 8-9 ("I will hold off on the final until you get that."). However, while subsequent emails reflect Umpire Leiby's statement that the award was not intended to be final, those later expressions had no effect on the Disputed Award's

earlier binding effect under the express terms of the policy.  *See* ECF No. [17-4], at 6, 9; ECF No. [17-5], at 2.

The Plaintiffs are correct that Florida Statute § 682.12 governs the confirmation of arbitration awards.  That provision states that courts "shall confirm an award" upon application of a party to the arbitration, unless an insurer moves to vacate, modify or clarify an award pursuant to § 682.13.  Fla. Stat. § 682.12.  Furthermore, under Florida's Arbitration Code, "[i]n the absence of a motion legally sufficient under either §§ 682.13 or 682.14, the trial court must confirm the award."  *Wells v. Castro*, 117 So. 3d 1233, 1237-38 (Fla. Dist. Ct. App. 2013).  No such motion was filed by the Defendant.

## IV.    CONCLUSION

Based upon the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1.  Plaintiffs' Motion to Confirm the September 5, 2018 Appraisal Award as Binding and Entry of Judgment, **ECF No. [17]**, is **GRANTED.**

2.  The September 5, 2018 Appraisal Award (the "Disputed Award") is binding and the Defendant shall remit the additional finds due to the Plaintiffs consistent with the Disputed Award.

3.  The Court retains jurisdiction to determine the reasonable amount of attorneys' fees and costs due to the Plaintiffs.  Plaintiffs shall, in compliance with the Local Rules, file their application for attorneys' fees **no later than April 10, 2019**.

4.  The Clerk shall **CLOSE** this case.

**DONE AND ORDERED** in Miami, Florida, this 27th day of March, 2019.

BETH BLOOM
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record